[Criminal No. 666. Filed November 28, 1927.]

[261 Pac. 337.]

LOVIE DILLARD, Appellant, v. STATE, Respondent.

608

Mr. Robert L. Fortune (Messrs. Baker & Whitney, of counsel), for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. George T. Wilson, County Attorney, and Mr. Benton Dick, Deputy County Attorney, for the State.

ROSS, C. J.—The appellant, upon an indictment charging that he did ''willfully and unlawfully keep and maintain a certain house of ill fame at No. 1041 West Hadley street, in the city of Phoenix, Maricopa county, state of Arizona, which said house was then and there resorted to for purposes of prostitution and lewdness,'' was tried and convicted. From the judgment of conviction he appeals.

The main contentions are that the indictment fails to state facts sufficient to constitute a crime, insuffi-

ciency of the evidence to support the verdict, and the erroneous instructions. It is agreed that the indictment was drawn under section 306 of the Penal Code of 1913, and that the trial was had on the assumption that appellant was guilty of the offense therein defined, if any. That section reads as follows:

"It shall be unlawful for any owner or agent or (of) any owner or other person or persons, to keep or reside in any room, apartment or house, of ill-fame or ill-repute, or house, room or apartment resorted to for the purpose of prostitution or assignation or to let, lease, or rent for any length of time whatever to any person of ill-fame any house, room or structure situated within four hundred yards in a direct line of any school house or school room used by any of the public or private schools of Arizona, or within two hundred and fifty yards in a direct line of any county court house, city hall or other public building in the state of Arizona; provided that these limits may be extended to greater limits in unincorporated towns, and mining camps in any county by resolution of the board of supervisors of such county, and in incorporated cities or towns by resolution of the mayor and common council thereof.

"Any person violating any of the provisions of this section is guilty of a misdemeanor."

It will be observed that this statute does not pretend to outlaw houses of prostitution or ill fame, but undertakes to restrict their location. Such places are forbidden location in proximity to public or private schools, courthouses, city halls, or other public buildings. It does not undertake to suppress the evils treated, but simply to regulate the locality of such places with reference to certain named institutions or buildings. Under its provisions, if the owner, or any other person, should keep or reside in such a place, or if the owner should let, lease or rent to a person of ill fame a house, room, or apartment within the forbidden limits, his act is declared a misdemeanor. The act of keeping, or residing in, or rent-

ing, or leasing, the place to a person of ill fame is not the crime defined, unless it is committed in the forbidden limits. An indictment that charges no more than the one in this case states no offense under section 306. The present indictment simply charges that appellant kept and maintained a house of ill fame which was resorted to for the purposes of prostitution and lewdness. It should have gone further and alleged that such house was located within the forbidden limits. Failing to do that, the demurrer should have been sustained, unless what was alleged should be found to constitute a public offense, as defined by other statutes.

Section 317, Penal Code of 1913, provides that:

"Every person who keeps . . . any house of ill fame for the purposes of assignation or prostitution outside the limits provided by the ordinances of any city or town . . . is guilty of a misdemeanor."

This is a segregation statute, and contemplated the establishment in cities and towns of what was formerly known as "red light districts." The indictment is bad in failing to show that the house at 1041 West Hadley Street was outside of any such designated district.

Chapter 62, Laws of 1917, approved under referendum November 5, 1918, and found at page 14 of "Initiative and Referendum Measures," Laws of 1919, is an act to punish the owners or lessees of buildings who permit such buildings to be used for purposes of prostitution, and to authorize actions in equity to abate such places as public nuisances. Section 2 thereof provides that:

"Any person who, being the owner or lessee of any building or place, permits such building or place to be used for purposes of lewdness, assignation or prostitution, shall be guilty," etc.

This law is directed to the person or persons who have ownership or dominion over the used property,

and under whose direction or consent it is devoted to the forbidden use.

There is an entire absence of any allegation in the indictment identifying appellant with the title to premises, either as owner or lessee. The keeping and maintaining of such a place is not the act condemned by section 2 of chapter 62, but it is the permitting by the owner or lessee the use of his building or place for the forbidden purposes that constitutes the crime. Section 4 thereof designates the former (the keeper) as "the person or persons conducting or maintaining the same" (nuisance), and the latter as "the owner, lessee or agent of the building, or place in or upon which such nuisance exists," thus making a distinction between the two. Under this statute the owner or lessee need not himself conduct or maintain the forbidden place; it is enough if he permit or allow another to do so, and, when he does, it is he, and not the latter, the law condemns.

We perhaps ought to say that the practical effect of chapter 62, *supra,* is to make all houses of ill fame "verboten" in this state. It provides for their suppression by legal process, wherever located, and whether maintained or conducted by the owner of the property or by other persons. Unlike sections 306 and 317, *supra,* it is not a regulatory statute; it has for its purpose the suppression of the evil, and to that end provides criminal punishment for the owner or lessee who permits the use of his house, or place, for lewdness, assignation or prostitution, and for its abatement by an action in equity as against all persons interested or engaged in the unlawful business. This chapter being a subsequent enactment to sections 306 and 317, and covering the same subject matter, the prosecution should have been under it, and not under the former law.

Chapter 62 repeals all laws in conflict with its provisions, but preserves "any law for the *suppression*

of lewdness, assignation or prostitution'' (italics ours). Since sections 306 and 317, as we have shown, have for their object the *regulation* of the evil, and not its suppression, it must have been the intention of the legislature to repeal them.

We think the indictment is so defective that the demurrer should have been sustained. This makes it unnecessary to consider the other points raised.

The judgment is reversed, and the cause remanded, with directions that the demurrer to the indictment be sustained.

LOCKWOOD and McALISTER, JJ., concur.